

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711
July 12, 1968

Honorable Clay Cotten
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto
Austin, Texas  78701

Opinion No. M-255

Re: Authority of the In-
surance Commissioner,
as a bond obligee under
Article 6.09, Insurance
Code of Texas to re-
lease a surety bond
under stated conditions

Dear Mr. Cotten:

You request the opinion of this office as to whether the Commissioner of Insurance, as named obligee on a surety bond heretofore filed under the provisions of former Article 6.09 of the Insurance Code of Texas, has authority to execute an effective release of such bond. You state that "(1) the foreign insurer (principal on the bond) is in receivership under the provisions of Article 21.28 of the Insurance Code of Texas; (2) more than one year has passed from the time specified by the court order for the filing of claims against the insurer's receivership estate; (3) all known claims against and obligations of the insurer arising from policies issued during the period covered by the bond have been fully satisfied and paid; and (4) the court in which the delinquency proceedings are pending has authorized the receiver to execute a release of the bond on behalf of the principal."

Article 6.09 of the Insurance Code requires a fire insurance company, not organized under the laws of Texas, to guarantee its lawful obligation to citizens of Texas by depositing a bond with the Insurance Board or securities with the State Treasurer. It further provides that when a bond is deposited, it "shall be kept in force until all claims of such citizens arising out of obligations of said company have been fully satisfied . . ." (Art. 6.09, Texas Insurance Code).

Assuming that the receiver has complied with all statutory prerequisites, all claims of Texas citizens against the company must be deemed fully satisfied as to the receiver

- 1237 -

when all known claims have been presented to and paid by the receiver and the time for filing claims has passed. Proof of claims against the company may in "no event" be filed "later than one (1) year after the entry of the court's order specifying the time for filing claims." And "claims which are not filed within the expiration of such one-year period shall not participate in any distribution of the assets by the receiver." Art. 21.28 8 Insurance Code of Texas (Emphasis added.)

After the security deposit has served its intended purpose of protecting Texas policyholders to the extent allowed by statute, the Insurance Commissioner no longer has the authority to withhold such deposits from its rightful owner.

For many years, it has been the consistent practice of the Insurance Commissioner to release securities deposited with the Board in accord with Art. 610, Texas Insurance Code, when sufficient evidence is presented to the State Board of Insurance that all liabilities under the policies issued during the particular years for which the deposit has been made were extinguished.

Former Insurance Commissioners have consistently adhered to the policy of taking affidavits from fire insurance companies as to the existence of possible future liabilities and considering these affidavits as sufficient evidence for them to execute such a release.

As a rule of statutory construction, courts are inclined to accept an administrative interpretation of a statute if such interpretation has been accepted without challenge over a long period of time. Texas Employers' Insurance Ass'n. v. Holmes, 145 Tex. 158, 196 S.W.2d 390, syl.2.

The only difference between the facts of former administrative practice and those of the present inquiry is that instead of the company acting for itself, it is here represented by an Ancillary Receiver and instead of a deposit of securities, there is a bond fully secured by government bonds as collateral.

The last sentence of former Art. 6.09 indicates a clear legislative intent that a deposit of securities and a giving of a bond should be treated in the same manner and as accomplishing the same effect:

> "Any company desiring to do so may, at
> its option, in lieu of giving bond required
> by this article, deposit securities of any
> kind in which it may lawfully invest its funds
> with the State Treasurer upon such terms and
> conditions as will in all respects afford the
> same protection and indemnity as herein pro-
> vided for to be afforded by said bond."

The only reason for the requirements of Articles 6.09 and 6.10 is to guarantee the faithful performance of the company's obligations to the citizens of Texas.

If the Insurance Commissioner can perform his duty in administering the provisions of the Insurance Code by releasing a securities deposit upon receipt of affidavits from the company that all known claims have been paid and the statutory time has expired for presentation of any other claims, then reason, statutory construction, and legal analogy all dictate that he has the same authority to perform an equivalent act to implement an identical purpose. Thus, the Insurance Commissioner must of necessity have the implied authority to execute a release of a surety bond upon being satisfied that no further valid claims exist against the surety bond as an asset of the receivership estate. It is our opinion that in this connection he may rely upon an affidavit of full performance by the liquidator-receiver. The Insurance Commissioner is not vested with any authority to withhold such security from its rightful owner once the liquidators receiver attests to the fact of faithful performance in compliance with the applicable statute.

The requirements of Article 6.09 having been fully satisfied, the Insurance Commissioner as obligee, has the authority and the duty to join the Ancillary Receiver in executing a release so that collateral guaranteeing the surety bond may be released to the receiver for the purpose of paying off other creditors in the receivership estate.

### S U M M A R Y

The Insurance Commissioner, as a bond obligee under Article 6.09, Texas Insurance Code, has authority to release a surety bond on an insurance company in receivership when he is satisfied that no valid claims exist against such bond as an asset of the receivership estate and the receiver by affidavit shows that

all claims have been fully satisfied and that
the one year statutory time limit contained
in Article 21.28 § 3, Texas Insurance Code,
has expired.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles T. Rose
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

John Grace
Harold Kennedy
Charles Bardwell
John Fainter

A. J. Carubbi, Jr.
Executive Assistant Attorney General